**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

)
)
**BLANE D. NORDAHL,**                                       )
)
               **Petitioner,**                  )        **08 Civ. 5565 (KMK)(LMS)**
)
   *- against -*                                          )
)                        **REPORT AND**
**FRANCISCO RIVERA, Superintendent,**          )        **RECOMMENDATION**
**Wallkill Correctional Facility,**                      )
)
          **Respondent**.              )
_____)

**TO:   THE HONORABLE KENNETH M. KARAS,**
       **UNITED STATES DISTRICT JUDGE**

      Pro se petitioner, Blane Nordahl ("Petitioner"), files this petition for a Writ of Habeas

Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction under Dutchess

County Indictment Number #73/03, based on his plea of guilty to one count of Burglary in the

Second Degree (N.Y. Penal Law § 140.25(2)) and one count of Burglary in the Third Degree

(N.Y. Penal Law § 140.20).  Pet. at 1.  On December 21, 2004, Petitioner was sentenced in the

County Court of Dutchess to a determinate term of eight years with five years' post-release

supervision for the Burglary in the Second Degree count and to a concurrent indeterminate term

of three and one-half to seven years on the Burglary in the Third Degree count.  Aff. in Answer

to Pet. at 3.   Petitioner is currently incarcerated in the Wallkill Correctional Facility.

      Petitioner seeks habeas relief on four grounds: (1) that Petitioner's due process rights

were violated when the state prosecutor used statements made during a federal plea agreement

negotiation to acquire an indictment on the charges at issue in this habeas petition; (2) that the

1

state prosecutor had no "lawful subject matter jurisdiction" over the information garnered from the federal plea negotiations; (3) that Petitioner's Fourth Amendment rights were violated by an unconstitutional search and seizure of his car by State authorities while Petitioner was in Federal custody; and (4) that Petitioner was denied the effective assistance of counsel.  Pet. at 4; Petitioner's Mem. of Law at iv.

Petitioner moved to "delete" his second claim by Notice of Motion dated October 26, 2008.  See Docket #9.  The motion was granted by the undersigned by memo endorsement dated November 20, 2008.  See Docket #12.  This issue will be addressed further *infra*.

On March 9, 2010, the undersigned issued an Order staying consideration of the instant Petition because the last claim, asserting ineffective assistance of counsel, had not been exhausted by presenting it to the state courts, and granting Petitioner the opportunity to exhaust that claim.  See Docket #20. The claim is largely based on matters outside the trial record, and thus there is no record for this Court's consideration, and the claim could not be denied on the merits, as permitted under 28 U.S.C. §2254(b)(2).  Petitioner asserted in his Petition that this Court should ignore the exhaustion requirements because habeas corpus "is the only legal mechanism to remedy the Federal Constitutional Due Process violations."  Petition at XVIII.  The undersigned issued the Order staying the proceeding because the state court mechanism must be permitted to function, and no argument has been made that the state court process, available pursuant to NY Crim. Proc. L. §440.10, is ineffective for this purpose.

Petitioner then submitted a letter to the Court, dated March 17, 2010, in which he sought to "withdraw claim (4) ineffective assitance [sic] of counsel to the extent this Court does not believe it qualifies to be heard under 28 U.S.C. 2254(b)(1)(B)(ii)."  See Docket #22.  That

2

request was deemed a letter motion, and was granted.  See Docket #23.  The undersigned then
prepared to finalize the instant Report and Recommendation on the remaining two claims.

The Court is now confronted with further arguments on this issue from Petitioner.  The
first, entitled "Objection to Magistrate's Order," and directed to Your Honor, is, of course, not
directed to the undersigned; nevertheless, it raises an issue not addressed in the Order staying
consideration of the Petition.  Specifically, Petitioner now asserts that the ineffective assistance
of counsel claim was not raised "as a claim 'per se' because [Petitioner] had no intent for this to
be a 'mixed petition.' "  Objection to Magistrate's Order dated March 20, 2010.[1]  Petitioner asserts
that the language of 28 U.S.C. §2254(b)(1)(B)(ii) permits him to raise this unexhausted claim,
along with the two other exhausted claims, because "circumstances exist that render such process
ineffective to protect the rights of the appellant."  28 U.S.C. §2254(b)(1)(B)(ii).  It appears to the
undersigned that Petitioner argues that the claim of ineffective assistance of counsel is a federal
constitutional claim, and therefore properly should be considered in federal court, and that the
ineffectiveness of the process is caused by the imminence of Petitioner's release from state
custody.  Thus, it appears that Petitioner is arguing that the circumstances which would prove the
process ineffective is not any failure of the state court system of review, but is the passage of
time since his case was filed in federal court.

The provision in §2254(b)(1)(B)(ii) has been found to have applied to situations where
"further pursuit [of the issue in state court] would be futile[.]"  Lurie v. Wittner, 228 F.3d 113,
124 (2nd Cir. 2000).  This provision has been compared to a 1981 Supreme Court ruling which

---

[1]  The Clerk is directed to docket the "Objection to Magistrate's Order" along with this
Report and Recommendation.

3

"cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile.  See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if 'circumstances exist that render such process ineffective to protect the rights of the applicant')."  Gaymon v. Strange, No. 3:09 Civ. 982 (JCH), 2009 WL 2590103, at *1 (D. Conn. Aug. 18, 2009).  However, the current situation is not similar to the situation where futility was found in Brooks v. Jones, 875 F.2d 30 (2nd Cir. 1989), where a state court assigned counsel, and the Appellate Division of the state court failed to take any action for a period of many years on a petitioner's initial state court appeal, thereby effectively preventing him from pursuing his claims in federal court – and making any further pursuit of those state court remedies futile.  Similarly, in Morales v. Portuondo, 154 F.Supp.2d 706 (S.D.N.Y. 2001), the Court was satisfied that the petitioner had sufficiently established that there was a significant risk that he would suffer a miscarriage of justice, and that the record of the case was sufficient to permit the federal court to review the claim on habeas.  Here, Petitioner believes he is entitled to immediate release, and that any delay in a court's consideration of his claim may prevent him from actually achieving release before his sentence is complete.  However, this is not a situation where the available state court remedy can be said to be futile – if Petitioner can present an appropriate claim to the state court, the state court is in an equal position with the federal court to grant a remedy.  The potential state court remedy is not futile, merely because the conclusion of Petitioner's sentence of incarceration (but not his post-release supervision term) may arrive before consideration of his Petition in this Court is complete.  Moreover, and perhaps most importantly, the record on which Petitioner seeks redress

for the claimed ineffective assistance of counsel consists of his own self-serving statements; there has been no hearing at which counsel or the prosecutor, or any other participant to the guilty plea proceeding, has been asked to testify about the contents of their off the record discussions with Petitioner, which constitute the gravamen of his claim here. The requirement for exhaustion of state court remedies before consideration by this Court would permit an appropriate record to be made, and would then allow the state court, and, if necessary, this Court, to consider the claim. Thus, although Petitioner has filed an "Objection" to the Stay Order (as that Order is not a Report and Recommendation it would be more appropriate to call the "Objection" an appeal, which requires a claim that the Order was clearly erroneous or contrary to law, see 28 U.S.C. §636(b)(1)(A)), I respectfully recommend that Your Honor should find the "Objection" to the Stay Order to be without merit. The undersigned has granted Petitioner's request to withdraw the claim of ineffective assistance of counsel (Docket #23), and this Report and Recommendation therefore considers only the remaining two counts.[2]

Petitioner has also now submitted a "Supplemental Reply to Letter Reply of March 17, 2010," and a "Supplemental Submission Concerning District Court Order."[3] Petitioner, despite his repeated efforts to elicit a Report and Recommendation expeditiously, now renews his requests for the Court to review and consider the Grand Jury minutes from his case, even though the undersigned has previously noted that "Most claims of defect in proceedings before a Grand

---

[2] If Your Honor disagrees with my conclusion, I will be happy to prepare a further Report and Recommendation on the claims which Petitioner sought to withdraw.

[3] The Clerk is directed to docket the "Supplemental Reply to Letter Reply of March 17, 2010," as well as the "Supplemental Submission Concerning District Court Order" at the time this Report and Recommendation is docketed.

5

Jury are waived by entry of a guilty plea[.]"  <u>See</u> Docket #10.  Nothing has been offered by

Petitioner which would alter the Court's assessment in that regard, and I respectfully recommend

that Your Honor should decline to Order production of those Grand Jury minutes.

      Petitioner also now claims, for the first time, that "each claim [in the Petition] actually

has several claims within them."  Supplemental Reply to Letter Reply of March 17, 2010, at p. 2.

He appears now to claim that his withdrawal of the second claim was not as to the entire claim,

but was only "to the extent that I used 'prosecutorial misconduct[,]' a legal term not exhausted[.]"

<u>Id</u> at p. 3.

      The Petitioner's Motion sought "deletion of GROUND TWO (2) of the Petition on

'Prosecutorial Misconduct'."  Notice of Motion, Docket #9.  The Petitioner's Affirmation filed

with the Notice of Motion requested that the Court "issue an order permitting the claim of

'Prosecutorial Misconduct' in GROUND TWO (2) of the Petition be deleted."  It also sought "to

Amend my Petition by deleting the claim of 'Prosecutorial Misconduct' GROUND TWO (2)[,]"

and "grant this motion and delete the claim of 'Prosecutorial Misconduct" GROUND TWO (2),

as well as such other relief as may be just and proper."  Affirmation, Docket #9.  Also attached

was a "REQUEST TO AMEND PETITION BY DELETING THE CLAIM OF GROUND TWO

(2)."  In this document Petitioner made a "request to withdraw ground two (2) of the Petition."

He also asked the Court to "grant the request to delete and excise Ground Two (2) of the

Petition."  Request to Amend Petition, Docket #9.  Finally, in the appended "Memorandum of

Law," Petitioner sought to "withdraw and delete this issue of 'Prosecutorial Misconduct',

GROUND TWO (2)."  He followed this with a request that the Court permit him to "amend the

Petition by deleting GROUND TWO (2) where it may relate to anything unexhausted."  Finally,

6

he concluded with "WHEREFORE, based on the foregoing reasons, Petitioner will respectfully request that the Petition be Amended by deleting GROUND TWO (2)."  Memorandum of Law, Docket #9.

The undersigned concluded, and respectfully recommends that Your Honor should also conclude, that this was a request to withdraw his second claim, which asserts that "THE STATE DISTRICT ATTORNEY HAD NO SUBJECT MATTER JURISDICTION OVER THE INFORMATION AND DOCUMENTATION FROM A PRIOR FEDERAL CASE WHICH WAS USED BEFORE THE DUTCHESS COUNTY.  THESE ACTIONS AMOUNT TO A FORM OF PROSECUTORIAL MISCONDUCT."  Petition at XII.  To the extent that Petitioner now claims that there was a distinction between his jurisdictional claim in Ground Two and his prosecutorial misconduct claim, the undersigned finds that there is no distinction.  The Petitioner moved to withdraw the claim and that motion was granted.  There is no reason at this stage to reconsider that issue, which, in any event, was not exhausted by presentation to the state courts, either on a claim of lack of jurisdiction or on a claim of prosecutorial misconduct.  See Petition at ¶10.

I therefore conclude, and respectfully recommend that Your Honor should conclude, for the reasons set forth herein, that the first claim raised in the Petitioner's habeas Petition is procedurally barred, but is addressed on the merits and should be denied; that the second claim has been withdrawn by Petitioner; that the third claim is barred from consideration on habeas review under the doctrine of Stone v. Powell; and that the final claim has been withdrawn by Petitioner, but it is in any event unexhausted and therefore not subject to review.

# I.     BACKGROUND

## A.     The Crimes

At some point between January 28, 2002, and January 30, 2002, Petitioner entered the home of Richard Jenrette, known as the Edgewater Estate, in Red Hook, New York, without the permission of Mr. Jenrette, by removing a glass panel from an exterior door.  Resp't Ex. 8 (Plea) at 15-17; Resp't Ex. 11 (Resp't Appellate Brief) at 2.  Thereafter, Petitioner stole approximately 112 pieces of silverware, including a tea set, a Tiffany compote and a vase, valued at $19,500. Id.  At some point between January 27, 2002, and January 29, 2002, Petitioner entered the Wilderstein National Historic Site in Rhinebeck, New York, without permission, by removing a glass panel from an exterior door and another glass panel from an interior door.  Resp't Ex. 8 (Plea) at 17-18; Resp't Ex. 11 (Resp't Appellate Brief) at 2-3.  Thereafter, Petitioner stole silverware, a Tiffany Lamp, and various other silver objects valued at approximately $50,000 to $60,000.  Id.

## B.     Procedural History

On July 23, 2003, Petitioner was indicted in Dutchess County, indictment number 73/03, for one count of Burglary in the Second Degree (N.Y. Penal Law § 140.25 (2)), two counts of Grand Larceny in the Third Degree (N.Y. Penal Law § 155.35), and one count of Burglary in the Third Degree (N.Y. Penal Law § 140.20).  Aff. in Answer to Pet. at 2.  Petitioner then, through his attorney, filed a pre-trial Omnibus Motion to dismiss on the ground, among others, that Grand Jury proceedings were defective because the prosecution had introduced evidence of a federal proffer agreement and a statement subsequently made by Petitioner to the Grand Jury.  Id; Resp't Ex. 4 (Omnibus Motion).  Petitioner also sought suppression of physical evidence obtained from

his car by New York State authorities while Petitioner was being held by federal authorities.  Id.
On July 29, 2004, Petitioner's Omnibus Motion to dismiss was denied with regard to the
presentation of the federal proffer agreement and Petitioner's statement before the Grand Jury, as
well as to that portion of the motion that sought suppression of physical evidence.  Resp't Ex. 7
(Decision and Order) at 2-5.

On the eve of trial, specifically September 27, 2004, Petitioner pled guilty to the two
burglary counts contained in the indictment.  Resp't Ex. 8 (Plea) at 15-19.  On December 21,
2004, Petitioner was sentenced to eight years incarceration with five years post-release
supervision on the count of Burglary in the Second Degree and to three and one-half to seven
years incarceration on the count of Burglary in the Third Degree, both sentences to run
concurrently.  Aff. In Answer to Pet. at 3.  Petitioner appealed to the New York State Supreme
Court, Appellate Division, Second Department and his judgment was affirmed by a Decision and
Order dated December 4, 2007.  Resp't Ex. 13.  Petitioner then sought leave to appeal to the New
York State Court of Appeals but leave was denied on April 10, 2008.  People v. Nordahl, 10
N.Y.3d 842 (2008).  On May 21, 2008, Petitioner timely filed this writ of habeas corpus, and he
has no other petitions or appeals pending regarding this matter.  Pet. at 5.

## II.    DISCUSSION

### A.    Standard of Review

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,
621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  To be granted a writ of habeas
corpus from a federal district court, a petitioner must fully and carefully comply with the
provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254.  Under the AEDPA, all state remedies must be exhausted before a federal court may

consider a state prisoner's petition for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A); see

also Picard v. Connor, 404 U.S. 270, 275 (1971).  In the interests of comity and expeditious

federal review, "[s]tates should have the first opportunity to address and correct alleged

violations of [a] state prisoner's federal rights."  See Coleman v. Thompson, 501 U.S. 722, 731

(1991); see also Daye v. Attorney General of the State of New York, 696 F.2d 186, 190-91 (2d

Cir. 1982).  The exhaustion requirement of the federal habeas corpus statute is set forth in 28

U.S.C. § 2254(b), (c):

> (b) An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that
> the applicant has exhausted the remedies available in the courts of the State, or that
> there is either an absence of available State corrective process or the existence of
> circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the
> courts of the State, within the meaning of this section, if he has the right under the
> law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion

doctrine has been satisfied.  See Klein v. Harris, 667 F.2d 274, 282 (1981).  First, the petitioner

must have "fairly presented" his or her federal constitutional claim to the appropriate state courts.

Picard v. Connor, 404 U.S. at 275-76.  "A claim has been 'fairly presented' if the state courts are

apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal

court.' "  Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191).  In

other words, the claim must have been presented in a way that is "likely to alert the court to [its]

federal nature."  Daye, 696 F.2d at 192.  The fair presentation requirement is satisfied if the state

10

court brief contains phrases, such as "under the Due Process Clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for relief.  Klein, 667 F.2d at 282 (internal citations omitted).  A claim may be considered "presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his or her claim before the state court, did one of the following: (1) relied on pertinent federal cases that employ constitutional analysis, (2) relied on pertinent state cases that apply constitutional analysis in like fact situations, (3) asserted his or her claim in terms so particular as to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation.  See Daye, 696 F.2d at 186; Irving v. Reid, 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court.  Klein, 667 F.2d at 282.  Where a petitioner fails to present his or her federal constitutional claim to the highest state court, the claim cannot be considered exhausted.  Id. (citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y.1977)).  There is, however, another avenue available for exhaustion purposes.  A petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction.  See Klein, 667 F.2d at 282; see also Johnson v. Metz, 609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present claim in the course of his direct appeals in New York state courts to proceed by filing a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10).  If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the

11

state appellate procedures available for review of such denial.  Id. at 282-83.

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court.  28 U.S.C. § 2244(d)(1).  This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while ". . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  After a petitioner has met these threshold requirements, a federal district court generally may hear "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

**B.**     **Petitioner's Claims**

**1.**     ***Petitioner's due process rights were not violated by the prosecution's use of statements Petitioner made in a federal proffer agreement before the Grand Jury that issued an indictment in his case.***

This same issue was raised in Point I of Petitioner's state court appellate brief (Resp't Ex. 10), and was also raised in Petitioner's application for leave to appeal to the Court of Appeals. People v. Nordahl, 10 N.Y.3d 842 (2008).  It has therefore been fully exhausted.

Petitioner contends that his due process rights were violated when the prosecution

presented to the Grand Jury statements that Petitioner made under the protection of a federal

proffer agreement which implicated him in the crimes charged in the burglary indictment.  Pet. at

4.  Petitioner claims that the use of such statements violates Federal Rule of Evidence 410 and

Federal Rule of Criminal Procedure 11(e)(6), which render statements made during a plea

negotiation inadmissable in any civil or criminal proceeding.  Pet. Memo. of Law at viii.

Respondent makes the argument that any defects or deficiencies during Grand Jury proceedings

are not errors that are reviewable in a petition for a writ of habeas corpus and, even if such a

matter was reviewable, it does not rise to the level of a constitutional violation.  Resp't Mem. of

Law at 3-5.

     The Appellate Division rejected this claim concluding that Petitioner had "forfeited

judicial review of the alleged defect in the grand jury proceedings."  Resp't Ex. 13 (Decision and

Order) at 1-2; People v. Nordahl, 46 A.D.3d 579, 580 (2d Dept. 2007).  This conclusion was

based on state court decisions which themselves were primarily based on the New York State

Constitution and laws.  This decision acts, therefore, as a procedural bar to consideration of the

issue on habeas review.  The decision of the Appellate Division presents an independent and

adequate state procedural bar which prevents review by this court unless Petitioner establishes

both cause and prejudice for the default.  Teague v. Lane, 489 U.S. 288, 298 (1989).  Petitioner

has shown neither.  Nevertheless, in an abundance of caution, I will address the merits of this

claim.

     "Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas

corpus proceeding in federal court."  Davis v. Mantello, 42 Fed. Appx. 488, 2002 WL 1032687

at *490 (2d Cir. May 22, 2002).  This is based on the theory that any defect in the grand jury

proceeding is cured by the consideration of all the evidence and the subsequent conviction by the petit jury at trial. See generally Lopez v. Riley, 865 F.2d 30 (2d Cir. 1989). "Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." Id. at 32.

In this case, Petitioner did not have a trial, but rather he elected to plead guilty to two of the charges in the indictment. Resp't Ex. 8 (Plea). The same analysis applies, however, and the fact that Petitioner pled guilty rather than going through a trial does not change the outcome in this case. "A plea of guilty is an admission of guilt and a waiver of all non-jurisdictional defects." United States v. Spada, 331 F.2d 995 (2d Cir. 1964). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he [or she] is in fact guilty of the offense with which he is charged, he [or she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When a Petitioner admits his or her guilt in a guilty plea, "any errors in the grand jury proceeding [are] rendered harmless." Jordan v. Dufrain, No. 98 Civ 4166 (MBM), 2003 WL 1740439 at *3 (S.D.N.Y. April 2, 2003);[4] see also Alston v. Ricks, No. 01 Civ. 9862 (GWG), 2003 WL 42144 at *7 (S.D.N.Y. Jan. 7, 2003)("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury"). Thus, when Petitioner pled guilty to the burglary counts in the indictment, he forfeited his right to raise any grand jury defects in the instant habeas petition.

_____

[4]In the spirit of Local Civil Rule 7.1(c), copies of the opinions with only WestLaw cites are attached to the copy of this Report and Recommendation which is sent to Petitioner.

Additionally, "[f]ederal habeas relief 'does not lie for errors of state law.' " McCall v. Artus, No. 06 CV 3365 (SAS), 2008 WL 4501834 at *8 (S.D.N.Y. Sept. 29, 2008) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). In other words, ". . .a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, for Petitioner to sustain his cause of action, he must show that any error of state law – such as defects in the state grand jury proceedings– " 'render[ed] petitioner's state trial fundamentally unfair' and thus violated his constitutional due process rights." Herring v. Meachum, 11 F.3d 374, 377 (2d Cir.1993) (quoting Tribbitt v. Wainwright, 540 F.2d 840 (5th Cir. 1976).

Although Petitioner cites to the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, Petitioner has not established that the alleged violation in the state grand jury proceedings rises to the level of a constitutional deprivation, as is required in order for a federal court to review such a matter. "Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." Alexander v. Louisiana, 405 U.S. 625, 633 (1972); See also Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990)("The Fifth Amendment right to indictment by a grand jury was not incorporated by the Due Process Clause of the Fourteenth Amendment, and, accordingly, does not pertain to the states"). Thus, Petitioner has not shown that defects in state grand jury proceedings rise to the level of a constitutional violation and I respectfully recommend that his claim be denied.

## 2. *Petitioner's second claim was withdrawn.*

By letter motion dated October 26, 2008, Petitioner asked that his second claim regarding

15

Prosecutorial Misconduct be withdrawn.  Docket #9.  The motion was granted and the letter was memo endorsed by the undersigned Judge on November 20, 2008.  Docket #12.  Therefore, Petitioner's second claim will not be considered.

>   **3.       *Petitioner's Fourth Amendment claim is not reviewable under the Stone v. Powell doctrine.***

This same issue was raised in Point I of Petitioner's state court appellate brief (Resp't Ex. 10), and was also raised in Petitioner's application for leave to appeal to the Court of Appeals. People v. Nordahl, 10 N.Y.3d 842 (2008).  It has therefore been fully exhausted.

Petitioner's third asserted ground for relief is that his Fourth Amendment rights were violated when state authorities searched his car, which had been legally seized by federal authorities, while Petitioner was in federal custody.  Petitioner's Mem. of Law at XIV-XVI. Respondent argues that Petitioner had a full and fair opportunity to litigate this claim in the state courts and, therefore it is not reviewable in a petition for a writ of habeas corpus.  Resp't Mem. of Law at 6-9.

Petitioner's Fourth Amendment claim is automatically barred under the Stone v. Powell doctrine.  In Powell, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 482 (1976).  See also Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992).

In this case, Petitioner was afforded two separate opportunities to address his Fourth Amendment issue.  First, Petitioner made an omnibus pre-trial motion which included his Fourth

16

Amendment claim and, second, Petitioner raised this same issue in his appellate brief.  Resp't Ex. 4 (Omnibus Motion) at 13-15; Resp't Ex. 10 (Petitioner's Appellate Brief) at 44-47.  In both instances, the court denied Petitioner's claim.  Resp't Ex. 7 (Decision and Order) at 4-5 ("Any items seized or inventoried under [the federal] arrest were no longer in his custody or control and he had no reasonable expectation of privacy relative to them"); Resp't Ex. 13 (Decision and Order, Appellate Division) at 2 ("Further, the defendant had no reasonable expectation of privacy with regard to his property, which was seized and vouchered by federal authorities upon his arrest for violation of his parole").  I conclude, and respectfully recommend that Your Honor should conclude, that because the State provided Petitioner with "an opportunity for full and fair litigation" of his Fourth Amendment claim, Petitioner's argument for habeas relief based on such a claim must be denied.

### 4. *Petitioner's fourth claim was withdrawn.*

By letter motion dated March 17, 2010, Petitioner asked that his fourth claim regarding Ineffective Assistance of Counsel be withdrawn.  Docket #23.  The motion was granted and the letter was memo endorsed by the undersigned Judge on March 22, 2010.  Docket #23.  Therefore, Petitioner's fourth claim will not be considered.

### CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the instant habeas petition should be dismissed.  As the petition presents no questions of substance for appellate review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue.  Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and

respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an

appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369

U.S. 438 (1962)

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e),

or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file

written objections to this Report and Recommendation.  Such objections, if any, shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable

Kenneth M. Karas, at the United States District Court, Southern District of New York, United

States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of

the undersigned at the same courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: April 6, 2010
        White Plains, NY

                              Respectfully submitted,


                              LISA MARGARET SMITH
                              United States Magistrate Judge
                              Southern District of New York

18

A copy of the foregoing Report and Recommendation has been sent to the following:

Honorable Kenneth M. Karas, U.S.D.J.
300 Quarropas Street
White Plains, New York 10601

Blane D. Nordahl #05-A-0086
Wallkill Correctional Facility
Box G, Route 208
Wallkill, New York 12589-0286

Bridget Rahilly Steller, ADA
Dutchess County District Attorney's Office
236 Main Street
Poughkeepsie, New York 12601

19