UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLANE D. NORDAHL,

                                  Petitioner,

        -v-

FRANCISCO RIVERA, Superintendent, Wallkill
Correctional Facility,

                                  Respondent.

No. 08-CV-5565 (KMK) (LMS)

ORDER ADOPTING REPORT
 AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

        Pro se Petitioner Blane Nordahl brings this petition for a writ of habeas corpus, pursuant

to 28 U.S.C. § 2254 ("the Petition"), challenging his conviction, based on a guilty plea, for one

count of burglary in the second degree and one count of burglary in the third degree.  The case

was referred to Magistrate Judge Lisa Margaret Smith, pursuant to 28 U.S.C. § 636(b).

Magistrate Judge Smith has issued a thorough Report and Recommendation ("R&R"),

concluding that this Court should deny the Petition in all respects.  For the reasons stated herein,

the Court adopts the conclusions of the R&R and denies Petitioner's claims for habeas relief.

I.  Background

        Although the Court assumes the Parties' general familiarity with the factual and

procedural background of this case as set forth in the R&R, the Court will briefly summarize the

facts most salient to the Petition.

        A.  Offense and Conviction

        Between January 28 and January 30, 2002, Petitioner stole silverware, a Tiffany

compote, a vase, and other items, valued at $19,500 in total, from the Edgewater Estate of

Richard Jenrette, located in Dutchess County, New York.  (Aff. of Bridget R. Stellar ("Stellar Aff.") Ex. 11, at 2.)  Between January 27 and 29, 2002, Petitioner stole a Tiffany lamp, a Tiffany silver water kettle, a Tiffany cream pot set, and other items, valued at between $50,000 and $60,000 in total, from the Wilderstein National Historic Site, also in Dutchess County, New York.  (*Id.* at 2-3.)  On July 23, 2003, Petitioner was indicted in Dutchess County for one count of burglary in the second degree, two counts of grand larceny in the third degree, and one count of burglary in the third degree.  (*Id.* Ex. 2.)  Petitioner, through his attorney, filed a pre-trial Omnibus Motion to dismiss the indictment, arguing, inter alia, that the Grand Jury proceeding was defective because the state prosecutor had presented Petitioner's admissions regarding prior burglaries, made pursuant to a federal proffer agreement, to the Grand Jury.  (*Id.* Ex. 4, at 7-9.)  In this Omnibus Motion, Petitioner also sought suppression of physical evidence obtained by New York authorities from Petitioner's car, which federal authorities had impounded and inventoried after Petitioner was arrested.  (*Id.* at 14-15.)  On July 29, 2004, the Honorable Thomas J. Dolan denied these aspects of Petitioner's Omnibus Motion.  (*Id.* Ex. 7, at 2-5.)  On September 27, 2004, Petitioner pled guilty to one count of burglary in the second degree and one count of burglary in the third degree.  (*Id.* Ex. 8.)  Petitioner was sentenced to a determinate term of eight years imprisonment with five years of post-release supervision for the burglary in the second degree, and a concurrent indeterminate term of up to four years for the burglary in the third degree.  (*Id.* Ex. 9, at 6-7.)

### B.  Direct Appeal

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department, arguing that his motions to dismiss and to suppress were improperly denied.  (*Id.* Ex. 10.)   The Appellate Division unanimously affirmed Petitioner's

2

conviction, rejecting both of Petitioner's arguments.  *See People v. Nordahl*, 846 N.Y.S.2d 622, 623 (App. Div. 2007).  In response to Petitioner's argument about the impropriety of using his federal proffer statements in the Grand Jury, the Appellate Division stated:

> Where defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial.  Therefore, by pleading guilty, the defendant forfeited judicial review of the alleged defect in the grand jury proceedings.

*Id.* (brackets, citation, and internal quotation marks omitted).  The Appellate Division also held that Petitioner's Fourth Amendment rights had not been violated because he had no reasonable expectation of privacy in property that was seized and vouchered by federal authorities after his arrest for parole violations.  *Id.*  The New York Court of Appeals summarily denied Petitioner leave to appeal.  *See People v. Nordahl*, 889 N.E.2d 88 (N.Y. 2008).

Petitioner has never brought a collateral attack against his conviction pursuant to N.Y. C.P.L.R. § 440.10.  (Pet. xviii.)

### C.  Habeas Petition and Procedural Background

Petitioner, proceeding pro se, filed the instant Petition on May 21, 2008, asserting four grounds for habeas relief.  First, he contended that his Fourteenth Amendment due process rights were violated by the state prosecutor's presentation of Petitioner's prior statements, made pursuant to a federal proffer agreement, to the Grand Jury.  (Pet. viii-xi.)  Second, Petitioner claimed that the state prosecutor did not have "subject matter jurisdiction" over the documents from the prior federal case and that the use of these documents amounted to prosecutorial misconduct.  (*Id.* at xii-xiii.)  Third, Petitioner asserted that his Fourth Amendment rights were

violated by the state authorities' search of his vehicle and their use of evidence found in his car, which federal authorities had impounded.  (*Id.* at xiv-xvii.)  Fourth, Petitioner claimed that he was denied effective assistance of counsel due to his trial attorney's failure properly to inform him of the sentences that could be imposed if he pled guilty to the charged burglaries.  (*Id.* at xviii-xxi.)

On October 26, 2008, Petitioner made a motion before Magistrate Judge Smith, asking for the "deletion of GROUND TWO (2) of the Petition on 'Prosecutorial Misconduct.'"  (Pet.'s Mot. to Delete the Claim of Prosecutorial Misconduct ("Pet.'s Mot.") (Dkt. No. 12).)  Magistrate Judge Smith granted this request by memo endorsement on November 20, 2008.  (Dkt. No. 12.)

On March 9, 2010, Magistrate Judge Smith issued an Order staying consideration of the Petition because Petitioner's fourth claim, for ineffective assistance of counsel, had not been properly exhausted in state court.  (Order ("March 9 Order") (Dkt. No. 20).)  Magistrate Judge Smith did not address the claim on the merits, as permitted under 28 U.S.C. § 2254(b)(2), because, in her view, the record on this issue was inadequate.  (*Id.*)  Petitioner then submitted a letter, dated March 17, 2010, seeking to "withdraw claim (4) ineffective assitance [sic] of counsel to the extent this Court does not believe it qualifies to be heard under 28 U.S.C. [§] 2254(b)(1)(B)(ii)."  (Letter from Blane Nordahl to Magistrate Judge Lisa M. Smith ("March 17 Letter") (Dkt. No. 22).)  Magistrate Judge Smith granted this request on March 22, 2010.  (Dkt. No. 22.)  On March 21, 2010, Petitioner filed a supplemental letter regarding the March 9 Order, arguing that Magistrate Judge Smith should not decide the remaining claims without ordering the production of the Grand Jury transcripts.[1]  (Supplemental Reply to Letter Reply of March 17,

---

[1] Petitioner had previously requested production of the Grand Jury transcripts (Dkt. No. 13), and Magistrate Judge Smith denied this motion without prejudice, stating that most claims

2010 (Dkt. No. 26).)  Petitioner also argued that, notwithstanding his request to withdraw the second claim for habeas relief, Magistrate Judge Smith should still consider this claim because jurisdictional issues can never be waived.  (*Id.* at 2-3)  Petitioner alleged that he meant to withdraw the claim only "to the extent that [he] used 'prosecutorial misconduct' a legal term not exhausted."  (*Id.* at 2-3.)

On March 24, 2010, Petitioner filed an "Objection to Magistrate's Order," addressed directly to this Court.[2]  (Objection to Magistrate's Order (Dkt. No. 24).)  In the letter, Petitioner appears to object to Magistrate Judge Smith's March 9 Order, which stayed the proceedings, and to inform the Court that Petitioner had replied to the March 9 Order by seeking to withdraw his claim of ineffective assistance to the "'extent' that the Magistrate viewed this to be a claim raised which had not been exhausted."  (*Id.*)  Petitioner argued that he did not mean for his ineffective assistance claim to be "a claim 'per se,'" because he did not intend to create a mixed petition, and because delay by the federal courts in addressing his claim created circumstances that would make exhaustion in state courts ineffective.  (*Id.*)  In other words, as Magistrate Judge Smith explains in her R&R, Petitioner argued that exhaustion of his ineffective assistance claim in state court is futile because of the amount of time that had passed since he filed his Petition in federal court.  (R&R 3; Reply and Objections to the Magistrate's R&R ("Obj.") 8 (Apr. 19, 2010) (Dkt. No. 28).)  Petitioner also filed a "Supplemental Submission" on March 24, 2010, noting that he had filed a letter with Magistrate Judge Smith regarding both his ineffective assistant of counsel claim and his request for production of the Grand Jury transcripts.

---

of defects in Grand Jury proceedings are waived by the entry of a guilty plea, but that this Court would obtain the records if necessary, (*id.*).

[2] This letter is dated March 20, 2010, but it was filed on March 24, 2010.

5

(Supplemental Submission Concerning District Ct. Order (Dkt. No. 25 ).)

Magistrate Judge Smith concluded that Petitioner's claims to habeas relief were without merit.  She recommended that the Petition should be dismissed, that a certificate of probable cause should not issue, and that the Court should certify that an appeal would not be taken in good faith.  (R&R 17-18.)  Petitioner filed timely objections to the R&R.  (Obj.)

## II.  Discussion

### A.  Standards of Review

#### 1.  Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).[3]  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen working days, *see* Fed R. Civ. P. 6(a)(1).

Where a party submits timely objections to an R&R, as Petitioner has here, the district court reviews de novo the parts of the R&R to which the party objected.  *See* 28 U.S.C.

---

[3] In compliance with *Lebron v. Sanders*, 557 F.3d 76, 77 (2d Cir. 2009) (per curiam), the Court has forwarded to Petitioner paper copies of those decisions cited herein which are available only through fee-based, electronic databases.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the [R&R] to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (internal quotation marks omitted).

### 2. Review of Petition for Habeas Corpus Relief

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)-(d)(1). Thus, Petitioner is entitled to habeas corpus relief only if he can show that "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on [his] claim, or made a decision that was 'contrary to' it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). "While 'the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones' is somewhat unclear, 'it is well-established in [the Second] Circuit that the 'objectively unreasonable' standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief.'" *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (brackets omitted) (quoting *Torres v. Berbary*, 340 F.3d 63, 69 (2d Cir. 2003)). The state court's determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006).

### 3.  Review of Submissions by Pro Se Litigant

Pleadings submitted by pro se litigants are held to a lesser standard than those drafted by practicing attorneys.  *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties.").  Because Petitioner is proceeding pro se, the Court construes his submissions liberally to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### B.  Analysis

### 1.  Fourteenth Amendment Due Process

Petitioner's first claim for habeas relief is that the Appellate Division's affirmance of his conviction was an unreasonable application of Supreme Court precedent, because his Fourteenth Amendment due process rights were violated by the state prosecutor's presentation of Petitioner's prior statements, made pursuant to a federal proffer agreement, to the Grand Jury. (Pet. ¶ 13(1); *id.* viii-xi.)  Petitioner also claims that the use of these statements violated Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), which render certain statements made during plea negotiations inadmissable in any civil or criminal proceeding.  (Pet. viii.)[4]  Magistrate Judge Smith concluded that the Appellate Division's decision that Petitioner had "forfeited judicial review of the alleged defect in the grand jury proceedings" by pleading guilty, *Nordahl*, 846 N.Y.S.2d at 623, was an independent and adequate state procedural bar to Petitioner's claim.  (R&R 13.)  Magistrate Judge Smith also found that Petitioner's claim lacked

---

[4] Petitioner cites Federal Rule of Criminal Procedure 11(e)(6), (Pet. viii; Obj. 4), which was amended in 2002.  Federal Rule of Criminal Procedure 11(f) now deals with the admissibility of plea negotiations and statements, cross-referencing Federal Rule of Evidence 410.

merit, because, by pleading guilty, Petitioner waived any claim that the grand jury proceedings were in error, and because any errors of state law committed by the prosecutor did not amount to a due process violation.  (R&R 14.)  Petitioner objects to Magistrate Judge Smith's conclusions, arguing that the state court decision did not review his federal constitutional claim on the merits, that his guilty plea did not waive objections to "constitutional or fundamental errors," and that Magistrate Judge Smith's other conclusions were erroneous.  (Obj. 5-6.)

Even assuming that the Appellate Division's ruling was ambiguous as to whether it rested on federal constitutional or state procedural grounds, and, that, accordingly, the Court should review Petitioner's allegations de novo, the Court concludes that Petitioner's claim lacks merit.  *See Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) ("If a state court has not adjudicated [a federal] claim on the merits, [courts] apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims." (internal quotation marks omitted)); *Garner v. Superintendent of Upstate Corr. Facility*, No. 01-CV-0501, 2007 WL 2846907, at *25 (N.D.N.Y. Sept. 26, 2007) (noting that a district court reviews a habeas petitioner's federal constitutional claims de novo if the state court's decision did not clearly address the federal claim).  "[I]t is well-settled that claims based on the sufficiency of the evidence presented to a state Grand Jury are not cognizable under federal law and thus are not reviewable in a habeas corpus petition."  *Walker v. Brown*, No. 08-CV-1254, 2009 WL 2030618, at *7 (E.D.N.Y. July 10, 2009); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) ("[F]ederal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, [and] similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court.").  Moreover, as Magistrate Judge Smith correctly noted, as a matter of federal law, Petitioner's knowing and voluntary guilty plea

9

rendered "any errors in the grand jury proceeding" harmless. *Jordan v. Dufrain*, No. 98-CV-4166, 2003 WL 1740439, at *3 (S.D.N.Y. Apr. 2, 2003); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").  Because Petitioner pled guilty and now seeks to challenge the sufficiency of the evidence before the Grand Jury, Petitioner's claim must be rejected.  *See Brown v. Allen*, No. 08-CV-5795, 2010 WL 1459189, at *4 (S.D.N.Y. Apr. 12, 2010) ("Regardless of whether there were errors in the grand jury proceeding, there is no basis for the withdrawal of [p]etitioner's guilty plea because the plea itself rendered any alleged errors in his grand jury proceedings harmless."); *Alston v. Ricks*, No. 01-CV-9862, 2003 WL 42144, at *7 (S.D.N.Y. Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury.").[5]

Magistrate Judge Smith also is correct that to the extent Petitioner challenges the sufficiency of the indictment itself, he must show that any error "violated his constitutional due process rights."  (R&R 15 (internal quotation marks omitted).)  "Challenges to state indictments will merit habeas corpus relief only in the exceptional case where the indictment fails to satisfy the basic due process requirements:  notice of the time, place, and essential elements of the crime."  *Edwards v. Mazzuca*, No. 00-CV-2290, 2007 WL 2994449, at *5 (S.D.N.Y. Oct. 15,

---

[5] The Court also agrees with Magistrate Judge Smith that because Petitioner's guilty plea foreclosed his challenge to the sufficiency of the evidence before the Grand Jury, production of the Grand Jury minutes is unnecessary (R&R 5-6), and this request is also denied.

10

2007) (internal quotation marks omitted)).  Here, the indictment satisfied the basic due process requirements by listing the dates, places, and essential elements of the charged conduct, (Steller Aff. Ex. 2).  *See Swanton v. Graham*, No. 07-CV-4113, 2009 WL 1406969, at *11 (E.D.N.Y. May 19, 2009) (denying habeas claim regarding sufficiency of the indictment when "the indictment satisfied the basic requirements of due process by informing petitioner of the time, place and essential elements of his crime and, moreover, tracked the language of the statute allegedly violated"); *see also Carroll v. Hoke*, 695 F. Supp. 1435, 1438 (E.D.N.Y.1988) ("[C]onstitutional standards . . . ensure a defendant the opportunity to prepare a sufficient defense by requiring that an indictment inform the accused, in general terms, of the time, place and essential elements of the alleged crime.").

For similar reasons, Petitioner's reliance on *People v. Hansen*, 95 N.Y.2d 227 (N.Y. 2000), is misplaced. There, the Court of Appeals noted that while a guilty plea generally precludes a defendant from raising claims based on deprivations of rights that took place earlier in the proceedings, a guilty plea does not extinguish claims related to jurisdictional matters, such as the sufficiency of the accusatory instrument, or to "rights of a constitutional dimension that go to the very heart of the process,"—e.g., the constitutional speedy trial right.  *Id.* at 230-31. However, the Court of Appeals specified that while a defendant's constitutional right to be prosecuted on a "jurisdictionally valid indictment survived the guilty plea, his right to challenge" the "fact-finding process engaged in by the grand jurors" did not.  *Id.* at 232.  Specifically, the Court of Appeals held that the defendant could not challenge the use of hearsay evidence in the grand jury after pleading guilty, *id* at 232, and that an indictment is jurisdictionally invalid "only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime," *id.* at 231.

11

Here, just as the defendant in *Hansen* challenged the admissibility of particular evidence in the grand jury rather than the jurisdictional validity of the indictment, Petitioner challenges the use of his prior statements during the grand jury process, without showing that the indictment was jurisdictionally invalid or that the prosecutor's conduct was so egregious as to create a constitutional violation going to the heart of the process. *See id.* at 232 (noting that "[w]hile [the criminal defendant's] constitutional right to be prosecuted on a jurisdictionally valid indictment survived [his] guilty plea, his right to challenge . . . [the grand jurors' reliance on videotaped remarks] did not"); *see also Mayes v. Donnelly*, No. 03-CV-417, 2009 WL 2601106, at *9-10 (W.D.N.Y. Aug. 21, 2009) (finding that claim that a witness perjured himself when testifying before a state grand jury was not cognizable on habeas review when the petitioner had pleaded guilty); *Smith v. Burge*, No. 03-CV-8648, 2005 WL 78583, at *7-8 (S.D.N.Y. Jan. 12, 2005) (finding that claim that state prosecutor committed misconduct by admitting false evidence before the state grand jury was not cognizable on habeas review when the petitioner pled guilty); *cf. People v. Pelchat*, 464 N.E.2d 447, 453 (N.Y. 1984) (finding that a petitioner who pleads guilty can later challenge the grand jury proceedings if the prosecutor was aware that the *only* evidence before the grand jury was false).  Indeed, the trial court reviewed the Grand Jury minutes and held that the indictment was jurisdictionally valid.  (Steller Aff. Ex. 7, at 2-3 (noting that "competent and admissible evidence before the Grand Jury provide[d] reasonable cause to believe that [Petitioner] committed" the offenses in the indictment and that the "evidence [was] legally sufficient to support every element of the charges contained in [the] indictment").)  Petitioner has not challenged this finding.  Accordingly, Petitioner has not shown that the indictment was jurisdictionally invalid, and this claim is dismissed.

Petitioner also appears to argue that the use of his proffer statements was a violation of non-constitutional federal law, and that this violation created a "fundamental defect" in his conviction, (Obj. 3-4).  *See Reed v. Farley*, 512 U.S. 339, 348 (1994) (Opinion of Ginsburg,, J.) ("[H]abeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" (alteration in original) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))).  Specifically, Petitioner argues that the use of these statements violated Federal Rule of  Evidence 410 and Federal Rule of Criminal Procedure 11(f), which prohibit the use of statements made during plea discussions with the prosecuting attorney that do not result in a guilty plea.  The Court agrees with Magistrate Judge Smith that Petitioner's invocation of these federal rules does not change the fact that claims of defects in state grand jury proceedings present questions of state, not federal, law, which are not cognizable on habeas review absent a showing of a due process violation.  *See Brown*, 2010 WL 1459189, at *4 (denying habeas claim that prosecutor misled the grand jury, because claims for "deficiencies in state grand jury proceedings [are] not cognizable in a habeas corpus proceeding in federal court because habeas corpus relief does not lie for errors of state law" (brackets, ellipsis, citations and internal quotation marks omitted)); *Dunn v. Sears*, 561 F. Supp. 2d 444, 453 (S.D.N.Y. 2008) (noting that "federal habeas review is available only for federal constitutional violations" and that "there is no federal constitutional right to a grand jury in a state criminal prosecution"); *see also Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990) (stating that the Fifth Amendment right to indictment by a grand jury is not incorporated by the Due Process Clause of

13

the Fourteenth Amendment and does not apply to the states).[6]

Accordingly, Petitioner's claim for habeas relief on this issue is denied.

### 2. Prosecutorial Misconduct and "Jurisdiction"

Petitioner's second claim for habeas relief is that the state prosecutor had no "subject matter jurisdiction over the 'information and documentation' from [the] prior federal case" and that his actions amounted to prosecutorial misconduct. (Pet. ¶ 13(2).) Magistrate Judge Smith found that Petitioner voluntarily withdrew this claim in his Motion, Affirmation, and Memorandum of Law, all dated October 26, 2008. (R&R 6-7; Pet.'s Mot.; Mem. of Law in Supp. of Mot. to Delete Claim of 'Prosecutorial Misconduct' from Petition (Pet.'s Mem.")) (Dkt. No. 9).) Magistrate Judge Smith also concluded that there is no distinction between the "prosecutorial misconduct" and "jurisdictional" claims, and that neither of these claims had been exhausted. (R&R 7.) Petitioner objects to Magistrate Judge Smith's conclusion that he voluntarily withdrew this claim, arguing that he meant to withdraw only issues of "prosecutorial misconduct" but not "jurisdictional issues" that can never be waived. (Obj. 9.)

First, the Court agrees with Magistrate Judge Smith that Petitioner voluntarily withdrew his second claim for habeas relief, at least with respect to the prosecutorial misconduct claim,

---

[6] Moreover, it is entirely unclear why these federal evidentiary and procedural rules would apply to a state prosecutor presenting a state indictment to a state grand jury. Indeed, Petitioner has not shown that the use of his prior statements in the grand jury created a complete miscarriage of justice or an "omission inconsistent with the rudimentary demands of fair procedure," especially when Petitioner pled guilty. *See Reed*, 512 U.S. at 348 (Opinion of Ginsburg, J.) (internal quotation marks omitted); *see also Sanders v. Schriro*, No. 05-CV-0572, 2009 WL 2870057, at *22 (D. Ariz. Sept. 2, 2009) ("[T]he violation of a federal statute by the state in the course of criminal proceedings does not constitute a *per se* violation of the [petitioner's] federal constitutional right to due process of law."); *Sterling v. Tennis*, No. 05-CV-0143, 2006 WL 1409719, at *8-9 (E.D. Pa. May 18, 2006) (noting that a claim based on a potential violation of an interstate compact is not a basis for habeas relief because such a violation is not tantamount to a fundamental defect and further finding that petitioner waived the claim in any event, by pleading guilty).

14

(Pet.'s Mem. 1 (requesting that Petitioner be allowed to delete the "issue of 'Prosecutorial Misconduct,' Ground Two (2)")), and, therefore, the Court will not consider this claim.  To the extent there is any distinction between the "prosecutorial misconduct" and "jurisdictional" aspects of Petitioner's claim, any remaining claim simply rehashes Petitioner's argument that the prosecutor's use of Petitioner's proffer statements constituted a constitutional violation. Petitioner's use of the term "subject matter jurisdiction" does not change the analysis because Petitioner merely states that the prosecutor did not have "jurisdiction" over the documents he used.  (Pet. ¶ 13(3); Obj. 9.)  As already explained, Petitioner has not presented any basis to conclude that the state indictment was jurisdictionally invalid, and Petitioner's use of the term "jurisdiction" does not change this result.  *See Silva v. Miller*, No. 04-CV-8013, 2009 WL 4060946, at *6 (S.D.N.Y. Nov. 24, 2009) (rejecting petitioner's claim regarding the sufficiency of the indictment when the indictment satisfied the basic requirements of due process); *Edwards*, 2007 WL 2994449, at *5 (rejecting petitioner's claim regarding the sufficiency of the indictment when the indictment apprised petitioner of the time, date, and essential elements of the crimes charged).[7]  Accordingly, Petitioner's second claim for habeas relief is denied.

### 3.  Fourth Amendment Search and Seizure

Petitioner's third claim for habeas relief is that the state court's denial of his suppression motion was contrary to or an unreasonable application of Supreme Court precedent. Specifically, Petitioner argues that state authorities violated his Fourth Amendment rights when they seized his property from his car, which had been impounded and inventoried by federal

---

[7] Petitioner's argument that the prosecutor circumvented federal law appears to be either a claim for prosecutorial misconduct, which Petitioner has voluntarily dismissed, or yet another argument that Petitioner's complaints regarding errors in the Grand Jury process are cognizable on habeas review absent a showing of a jurisdictional error or a due process violation.  For the reasons already explained, Petitioner's claim is rejected.

authorities after Petitioner was arrested for parole violations.  (Pet. ¶ 13(3); Obj. 1-2.)

Magistrate Judge Smith concluded that Petitioner's Fourth Amendment claim is barred by the

doctrine emanating from the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).

Petitioner objects to this conclusion, arguing that under *Lefkowitz v. Newsome*, 420 U.S. 283

(1975), he may raise his Fourth Amendment claim despite his guilty plea.

      As Magistrate Judge Smith correctly noted, when a habeas petitioner had "an opportunity

for full and fair litigation" of his Fourth Amendment claim in state court, "the Constitution does

not require that a state prisoner be granted federal habeas corpus relief on the ground that

evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *See*

*Stone*, 428 U.S. at 482; *see also Capellan v. Riley*, 975 F.2d 67, 70 & n.1 (2d Cir. 1992).

"[R]eview of fourth amendment claims in habeas petitions w[ill] be undertaken in only one of

two instances: (a) if the state has provided no corrective procedures at all to redress the alleged

fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the

defendant was precluded from using that mechanism because of an unconscionable breakdown

in the underlying process."  *Capellan*, 975 F.2d at 70; *see also Munford v. Graham*, No. 09-CV-

7899, 2010 WL 644435, at *14-15 (S.D.N.Y. Feb. 24, 2010) (same), *adopted by* 2010 WL

2720395, *affirmed,* 467 F. App'x 18 (2d Cir. 2012).

      Here, Petitioner twice had a full and fair opportunity to litigate his Fourth Amendment

claim.  Petitioner filed an Omnibus Motion with the trial court to exclude the evidence he

claimed was taken in violation of his Fourth Amendment rights.  (Stellar Aff. Ex. 4.)  After the

trial court denied his suppression motion, (*id.* Ex. 7), Petitioner appealed this denial, and the

Appellate Division affirmed the trial court's decision, *see Nordahl*, 846 N.Y.S.2d at 623.  Thus,

because Petitioner does not even argue that the state failed to provide him a corrective procedure

or that there was an unconscionable breakdown in the process, his mere disagreement with the state courts' decisions does not allow for habeas review of his Fourth Amendment claim.  *See Capellan*, 975 F.2d at 72 (noting that a "mere disagreement with the outcome of a state court ruling [on a Fourth Amendment claim] is not the equivalent of an unconscionable breakdown in the state's corrective process"); *Church v. Corcoran*, No. 07-CV-1118, 2010 WL 419950, at *10 (N.D.N.Y. Jan. 29, 2010) (noting that under *Stone*, a habeas petitioner's disagreement with the state court's decision "is insufficient to give [a federal court] authority to review Fourth Amendment claims").

Petitioner's reliance on *Newsome* is misplaced.  In *Newsome*, the Supreme Court created an exception to the general rule that a guilty plea bars a defendant from raising constitutional claims regarding pre-trial proceedings, holding that a guilty plea does not waive habeas review of constitutional claims if the state system allows defendants to raise such constitutional claims on direct appeal despite a guilty plea.  *See* 420 U.S. at 290-91.  Although in *Newsome*, the Court laid out this general exception in the context of a Fourth Amendment search and seizure claim, the Court "did not consider the substantive scope of the writ" in relation to Fourth Amendment claims.  *Stone*, 428 U.S. at 480 n.14.  Rather, the scope of habeas review for Fourth Amendment search and seizure claims was reevaluated by the Supreme Court a year later in *Stone*, and was limited to the circumstances described above.  *Stone*, 428 U.S. at 482; *see also Munford*, 2010 WL 644435, at *14 (noting that *Stone* "permits federal habeas review of exclusionary rule contentions only in limited circumstances").  Thus, although *Newsome* allows Petitioner to raise his Fourth Amendment claim, despite his guilty plea, if the state courts permit such a claim on direct appeal, it does not excuse his failure to show that he lacked the opportunity to fully and fairly litigate his claim.  *See Corcoran*, 2010 WL 419950, at *10 (finding that, pursuant to

17

*Newsome* the petitioner, who had pled guilty, could bring a habeas claim challenging the validity of a search warrant, but that this claim failed under *Stone* when the petitioner did not allege any unconscionable breakdown in the state process); *Reiff v. Dep't. of Probation*, 474 F. Supp. 276, 278-79 (E.D.N.Y. 1979) (finding that although the habeas petitioner, who had pled guilty, could raise his Fourth Amendment claim on direct appeal, the claim nonetheless failed under *Stone* because he had a full and fair opportunity to litigate the claim before the state courts).

Accordingly, the Court agrees with Magistrate Judge Smith that Petitioner's Fourth Amendment claim is without merit.

### 4.  Ineffective Assistance of Counsel

Petitioner's fourth claim for habeas relief is that his trial counsel was ineffective because his attorney accepted the prosecutor's statements that Petitioner faced a sentencing range of up to life imprisonment because of his prior convictions in New Jersey, but that Petitioner later learned that this was not so.  (Pet. xviii-xxi.)  Petitioner argues that had he known the correct sentencing exposure, the result of the plea negotiations might have been different.  (*Id.* at xxi.) Petitioner admits that this claim was never presented to the state courts and, therefore, that it is not exhausted.  (*Id.* at xviii.)  After Magistrate Judge Smith stayed consideration of the Petition to allow Petitioner to return to state court and exhaust his ineffective assistance claim (March 9 Order), Petitioner withdrew his ineffective assistance claim "to the extent" it did not "qualif[y] to be heard under 28 U.S.C. [§]  2254(b)(1)(B)(ii)," (March 17 Letter).  Magistrate Judge Smith granted this request, and concluded in her R&R that Petitioner's habeas claim on this matter had been withdrawn and could not be reviewed.  (R&R 17.)  Magistrate Judge Smith also concluded that Petitioner's claim did not qualify to be heard under 28 U.S.C. § 2254(b)(1)(B)(ii) because Petitioner had made no showing that returning to state court to pursue the claim would be futile.

(R&R 3-4.)  Petitioner now objects to Magistrate Judge Smith's conclusions, arguing that the passage of time since the filing of his Petition and the futility of returning to the state court merit consideration of his ineffective assistance claim by this Court, despite his failure to exhaust. (Obj. 8.)

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1); *see also Argiros v. Torres*, No. 09-CV-1088, 2010 WL 1840239, at *2 (D. Conn. May 6, 2010) ("The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile." (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)); *Ruine v. Walsh*, No. 00-CV-3798, 2002 WL 1349713, at *2 (S.D.N.Y. June 19, 2002) ("Th[e] exhaustion requirement is excused only if there is no available procedure for the petitioner to obtain review of his [or her] claim in the state courts, or if any state procedure available would be ineffective under the circumstances." (citation omitted)).  Furthermore, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

First, it is clear that Petitioner's ineffective assistance claim was not exhausted.  (Steller Aff. Exs. 4, 5, 7, 10, 12; Pet. xviii (stating that the ineffective assistance of counsel claim "has not been raised before the State court").)  Second, the Court agrees with Magistrate Judge Smith

19

that Petitioner's claim does not qualify for futility based on potential delays in the federal court's

consideration of his habeas petition, because the exhaustion and futility doctrines are concerned

with whether the *state* process provides Petitioner redress.  *See Rose v. Lundy*, 455 U.S. 509, 518

(1982) (noting that the exhaustion requirement is "principally designed to protect the state

courts' role in the enforcement of federal law and prevent disruption of state judicial

proceedings," and to "encourage state prisoners to seek full relief first from the state courts");

*see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting that the exhaustion

requirement "reduces friction between the state and federal court systems by avoiding the

'unseem[liness]' of a federal district court's overturning a state court conviction without the state

courts having had an opportunity to correct the constitutional violation in the first instance."

(alteration in original) (quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)).  Thus, Petitioner's

frustration with the pace of his federal habeas petition does not excuse his failure to raise the

ineffective assistance claim with the state courts prior to filing the instant Petition.  *Cf. Brooks v.*

*Jones*, 875 F.2d 30, 31-32 (2d Cir. 1989) (finding that returning to state court to pursue a *coram*

*nobis* petition would be futile when petitioner's state-appointed attorney had failed to file a brief

in the consolidated state appeals for eight years and when the state court had failed to supervise

the process).

Petitioner's only other argument for futility is that the prosecutor committed "atrocious

far reaching conduct" and that it would be unfair for him to be required to return to the state

court that "committed such conduct."  (Obj. 8.)  This claim lacks merit because Petitioner's

unexhausted claim is that his own trial counsel provided ineffective assistance at sentencing.  In

short, Plaintiff's unexhausted claim has nothing to do with the alleged prosecutorial misconduct

or any actions of the state court.  Moreover, because Petitioner's ineffective assistance claim

20

appears to be based on facts outside the record (such as his conversations with his own attorney and with the state prosecutor regarding sentencing), Petitioner may be able to raise his ineffective assistance claim in the New York courts through a N.Y. Criminal Procedure Law § 440.10 motion.  *See* N.Y. Crim. Proc. Law § 440.10(1)(h) ("At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States . . . ."); *People v. Allen*, 549 N.Y.S.2d 456, 457 (App. Div. 1989) (noting that the proper procedure for a defendant to bring a claim that his trial counsel was ineffective, based on evidence outside the record, is pursuant to N.Y. Criminal Procedure Law § 440.10 proceeding); *see also Assadourian v. Brown*, No. 08-CV-4732, 2009 WL 2135297, at *2-3, 7 (S.D.N.Y. July 16, 2009) (noting that the habeas petitioner had exhausted his state remedies by bringing a § 440.10 motion to assert that his trial counsel was ineffective, because counsel had failed correctly to assess petitioner's felony status and corresponding sentencing exposure); *People v. Shaw*, No. 9173/90, 2007 WL 2080915, at *2-5 (N.Y. Sup. Ct. 2007) (analyzing, on the merits, defendant's § 440.10 motion claiming a violation of his constitutional right to effective assistance of trial counsel, which was based on counsel's failure to advise defendant of a plea agreement).  Accordingly, Petitioner has not shown that seeking redress in the state court would be futile, and his claim is unexhausted.

Normally, having found that Petitioner's claim is unexhausted, that Petitioner has not shown futility, and that Petitioner may still bring a claim in the state courts, the Court could stay the proceedings and provide Petitioner the opportunity to return to state court and exhaust his ineffective assistance claim.  *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) (noting that "it likely would be an abuse of discretion to deny a stay . . . if the petitioner had good cause for his

[or her] failure to exhaust, his [or her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).  However, Petitioner made clear in his March 17 Letter and in his Objections that he wished to withdraw his ineffective assistance claim if it was deemed unexhausted.  Because the Court finds that Petitioner's unexhausted claim does not qualify for consideration under the exceptions of 28 U.S.C. § 2254(b)(1)(B), and that Petitioner has voluntarily dismissed this unexhausted claim, the Court need not consider it.[8]

### C.  Appeal from Denial of the Petition

Magistrate Judge Smith further recommended that the Court should not issue a certificate of appealability, as "the petition presents no questions of substance for appellate review," and should certify "that an appeal from this order would not be taken in good faith."  (R&R 17-18.)

"To be appealable, a district court's denial of a § 2254 habeas petition must be accompanied by a certificate of appealability from either the district court or a circuit judge or justice."  *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (citing 28 U.S.C. § 2253(c)). "The standard for issuing the certificate of appealability is whether 'jurists of reason would find it debatable whether the petition states a valid claim.'"  *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).  The Court agrees with Magistrate Judge Smith that the Petition is meritless,

---

[8] As Magistrate Judge Smith points out, the Court cannot consider Petitioner's ineffective assistance claim because the record is entirely bare on this issue.  (R&R 4-5.)  Although the Assistant District Attorney mentioned at Petitioner's plea that a prior burglary conviction created the predicate for Petitioner to be sentenced as a second felony offender, the record does not reveal whether this conviction was an out-of-state conviction, as Petitioner contends.  (Steller Aff. Ex. 8, at 3.)  At Petitioner's sentencing, the Assistant District Attorney stated that he did not need to review defendant's criminal history, and the judge sentenced Petitioner without mentioning any prior New Jersey convictions.  (*Id.* Ex. 9, at 2, 6-7.)  Moreover, there is nothing in the record regarding the plea discussions between the Assistant District Attorney, Petitioner's trial attorney, and Petitioner.

and therefore declines to issue a certificate of appealability.  The Court further certifies that an appeal from this judgment would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 448 (1962) (stating that an appellant in a criminal case "is to be heard . . . if he makes a rational argument on the law or facts"); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007) (per curiam) ("An appeal is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).

### III.  Conclusion

For the reasons stated above and in the R&R, the Court finds that Petitioner's claims do not warrant habeas relief.  Accordingly, it is

ORDERED that the Report and Recommendation dated April 6, 2010 is ADOPTED in its entirety.  It is further

ORDERED that Petitioner's writ of habeas corpus is DISMISSED.  It is further

ORDERED that the Court declines to issue a certificate of appealability.  It is further

ORDERED that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment would not be taken in good faith.

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated:      March **2**/ , 2013
            White Plains, New York


KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

24

<u>Service List</u>

For Mailing by Clerk's Office:

Blane D. Nordahl
#05-A-0086
Walkill Correctional Facility
Box G
Route 208
Walkill, NY 12589

Bridget Rahilly Steller, ADA
Dutchess County District Attorney's Office
236 Main Street
Poughkeepsie, New York 12601

Copy To:

Honorable Lisa Margaret Smith
United States Magistrate Judge